# EXHIBIT A

## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| GINA BISIGNANI, | : Civil No. 3:25-cv-01099 |
| | : (Hon. Karoline Mehalchick) |
| Plaintiff | : |
| | : |
| v. | : |
| | : |
| EXPERIAN INFORMATION | : |
| SOLUTIONS, INC., TRANS UNION LLC, | : |
| BARCLAYS BANK DELAWARE, | : |
| NELNET SERVICING, LLC, and | : |
| CITIZENS BANK, N.A., | : |
| | : |
| Defendants | : |

## DEFENDANT NELNET SERVICING, LLC'S FIRST AMENDED ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO THE FIRST AMENDED COMPLAINT

Defendant Nelnet Servicing, LLC ("Nelnet") files the following first amended answer and affirmative and other defenses to the First Amended Complaint (the "Complaint") filed by plaintiff Gina Bisignani ("Plaintiff"). Pursuant to Federal Rule of Civil Procedure 8(b), Nelnet generally denies all averments contained in the Complaint, except such designated averments or paragraphs as Nelnet specifically admits below:

1. Denied. It is expressly denied that Nelnet, a data furnisher, "reports" information on consumer reports, or that Nelnet "reported" information on Plaintiff's consumer report specifically. Plaintiff's assertions that Nelnet has not

complied with any obligation imposed on it under the Fair Credit Reporting Act ("FCRA"), or that Nelnet is liable to Plaintiff for any reason whatsoever, are expressly denied. To the extent a further response is required, the remaining averments are denied.

## PARTIES

2.   Denied.  Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.  To the extent a further response is required, the remaining averments are conclusions of law to which no response is required.

3.   Denied.  The averments within this paragraph are not directed at Nelnet and, on that basis, no response is required.  To the extent that a response is required, Nelnet is without knowledge or information sufficient to respond and therefore denies the averments.

4.   Admitted in part; denied in part.  It is admitted that Nelnet is a limited liability company organized under the laws of the State of Nebraska with a registered tradename of "Firstmark Services" and principal office at 121 S. 13th Street, Suite 100, Lincoln, NE 68508.  It is also admitted that Nelnet's registered agent for service is CT Corporation System, with an address at 5601 S. 59th Street, Lincoln, NE 68516. It is further admitted that Nelnet is a "furnisher" as that term is defined under the FCRA.  However, it is expressly denied that Nelnet is a "creditor" as that term is

defined in 73 P.S. § 2270.3.  To the extent a further response is required, the remaining averments are conclusions of law to which no response is required.

5.    Denied.  The averments within this paragraph are not directed at Nelnet and, on that basis, no response is required.  To the extent that a response is required, Nelnet is without knowledge or information sufficient to respond and therefore denies the averments.

## FACTS

6.    Denied.  The averments within this paragraph are not directed at Nelnet and, on that basis, no response is required.  To the extent that a response is required, Nelnet is without knowledge or information sufficient to respond and therefore denies the averments.

7.    Denied.  It is expressly denied that Plaintiff obtained a consumer loan with Citizens Bank ("Citizens") on or about May 7, 2019.  Upon information and belief, Plaintiff executed a (i) Citizens Bank Education Refinance Loan Application/Promissory Note in favor of Citizens dated August 23, 2016 with an approximate principal balance of Fifty-Four Thousand Five Hundred Eighty-Eight and 48/100 Dollars ($54,588.48), and a (ii) Citizens Bank Education Refinance Loan Application/Promissory Note in favor of Citizens dated May 21, 2019 with an approximate principal balance of Forty-Three Thousand Four Hundred Fifty-Five and 12/100 Dollars ($43,455.12).  To the extent a further response is required, the

implication that listing a debt as "disputed" on bankruptcy schedules has any bearing on the dischargeability of the obligation is expressly denied.

8.    Admitted in part; denied in part.  It is admitted only that Nelnet serviced a loan that was originated by Citizens with Plaintiff identified as the borrower.  To the extent a further response is required, the remaining averments are denied.

9.    Denied.  Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.  To the extent a further response is required, Nelnet incorporates by reference as if fully set forth herein its answer to the averments in Paragraph 1 of the Complaint.

10.    Denied.  Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.

11.    Admitted, upon information and belief.

12.    Denied.  It is denied that Nelnet received notification of Plaintiff's bankruptcy proceeding on November 21, 2022.

13.    Denied.  It is denied that Nelnet received notification of Plaintiff's bankruptcy discharge on February 27, 2023.  Nelnet is without knowledge or information sufficient to respond to the remaining averments and therefore denies them.

14.    Denied.  The averments within this paragraph are not directed at Nelnet and, on that basis, no response is required.  To the extent that a response is required,

Nelnet is without knowledge or information sufficient to respond and therefore denies the averments.

15.    Denied.  Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.

16.    Denied.  It is denied that Nelnet continued to "accept" payments from Plaintiff at any point.  Rather, and at all times, Plaintiff voluntarily made payments to Nelnet.

17.    Denied.  Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.

18.    Admitted, upon information and belief.

19.    Denied.  Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.  To the extent a further response is required, these averments are conclusions of law to which no response is required.

20.    Denied.  These averments are conclusions of law to which no response is required.

21.    Denied.  Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.

22.    Denied.  Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.

23.     Denied.   Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.

24.     Denied.   Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.

25.     Denied.   Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.

26.     Denied.   Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.

27.     Denied.   Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.

28.     Denied.   Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.

29.     Denied.   Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.

30.     Denied.   Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.

31.     Denied.   Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.

32.     Denied.   Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.

33.     Denied.   Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.

34.     Denied.   Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.

35.     Denied.   Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.

36.     Denied.   Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.

37.     Denied.  These averments are conclusions of law to which no response is required.

38.     Denied.  These averments are conclusions of law to which no response is required.

39.     Denied.   Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.

40.     Denied.   Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.

41.     Denied.   Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.   To the extent a further response is required, this averment is a conclusion of law to which no response is required.

42.    Denied.   Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.   To the extent a further response is required, this averment is a conclusion of law to which no response is required.

43.    Denied.   Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.   To the extent a further response is required, this averment is a conclusion of law to which no response is required.

44.    Denied.   Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.

45.    Denied.   Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.   To the extent a further response is required, this averment is a conclusion of law to which no response is required.

46.    Denied.   Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.   To the extent a further response is required, certain of these averments are also conclusions of law to which no response is required.

47.    Denied.  Plaintiff's assertions that Nelnet has not complied with any obligation imposed on it under the FCRA, or that Nelnet is liable to Plaintiff for any

reason whatsoever, are expressly denied.  By way of further answer, Nelnet is a data furnisher, and not a consumer reporting agency, as these terms are defined under the FCRA, and therefore is not subject to the governance of 15 U.S.C. §§ 1681e(b), 1681i(a)(1), 1681i(a)(4), or 1681i(a)(5), as cited by Plaintiff herein.  To the extent a further response is required, these averments are conclusions of law to which no response is required.

**COUNT I**
**PLAINTIFF V. BARCLAYS BANK DELAWARE**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681s-2(b)(1)**

48.    Nelnet incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

49.    Denied.  The averments within this paragraph are not directed at Nelnet and, on that basis, no response is required.  To the extent that a response is required, Nelnet is without knowledge or information sufficient to respond and therefore denies the averments.

50.    Denied.  The averments within this paragraph are not directed at Nelnet and, on that basis, no response is required.  To the extent that a response is required, Nelnet is without knowledge or information sufficient to respond and therefore denies the averments.

51.    Denied.  The averments within this paragraph are not directed at Nelnet and, on that basis, no response is required.  To the extent that a response is required,

PHIL1\11856211.v1

Nelnet is without knowledge or information sufficient to respond and therefore denies the averments.

52.    Denied.  The averments within this paragraph are not directed at Nelnet and, on that basis, no response is required.  To the extent that a response is required, Nelnet is without knowledge or information sufficient to respond and therefore denies the averments.

53.    Denied.  The averments within this paragraph are not directed at Nelnet and, on that basis, no response is required.  To the extent that a response is required, Nelnet is without knowledge or information sufficient to respond and therefore denies the averments.

54.    Denied.  The averments within this paragraph are not directed at Nelnet and, on that basis, no response is required.  To the extent that a response is required, Nelnet is without knowledge or information sufficient to respond and therefore denies the averments.

55.    Denied.  The averments within this paragraph are not directed at Nelnet and, on that basis, no response is required.  To the extent that a response is required, Nelnet is without knowledge or information sufficient to respond and therefore denies the averments.

56.    Denied.  The averments within this paragraph are not directed at Nelnet and, on that basis, no response is required.  To the extent that a response is required,

Nelnet is without knowledge or information sufficient to respond and therefore denies the averments.

57.    Denied.  The averments within this paragraph are not directed at Nelnet and, on that basis, no response is required.  To the extent that a response is required, Nelnet is without knowledge or information sufficient to respond and therefore denies the averments.

WHEREFORE, Nelnet respectfully requests that this Court enter judgment in its favor and against Plaintiff, and for such other and further relief as may be appropriate under the circumstances.

**COUNT II**
**PLAINTIFF V. NELNET AND CITIZENS**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681s-2(b)(1)**

58.    Nelnet incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

59.    Admitted in part; denied in part.  It is admitted only that Nelnet received a dispute related to an account on which Plaintiff was identified as an obligor, and which was serviced by Nelnet, from (a) TransUnion LLC on October 4, 2024, and (b) Experian on October 6, 2024.  Nelnet is without knowledge or information sufficient to respond to the remaining averments and therefore denies them.

60.    Denied.  The suggestion that all consumer reporting agencies correctly identified and/or described a dispute or disputes received and related to an account

on which Plaintiff was identified as an obligor is expressly denied. The implication that Nelnet has not complied with any obligation imposed on it under the FCRA is furthermore expressly denied.

61.     Denied. Nelnet is without knowledge or information sufficient to understand what Plaintiff means when it states that "Nelnet knew it could give more information" and therefore denies the averments. By way of further answer, the implication that Nelnet has not complied with any obligation imposed on it under the FCRA is furthermore expressly denied.

62.     Denied. Plaintiff's assertions that Nelnet has not complied with any obligation imposed on it under the FCRA are expressly denied. To the extent a further response is required, the remaining averments are denied.

63.     Denied. Plaintiff's assertions that Nelnet has not complied with any obligation imposed on it under the FCRA are expressly denied. To the extent a further response is required, the remaining averments are denied.

64.     Denied. These averments are conclusions of law to which no response is required. To the extent a further response is required, the remaining averments are denied.

65.     Denied. Nelnet is without knowledge or information sufficient to respond to these averments and therefore denies them.

66.     Denied.  Plaintiff's assertions that Nelnet has not complied with any obligation imposed on it under the FCRA, or that Nelnet is liable to Plaintiff for any reason whatsoever, are expressly denied.  To the extent a further response is required, the remaining averments are denied.

67.     Admitted in part; denied in part.  It is admitted only that Nelnet serviced a loan that was originated by Citizens and given to Plaintiff.  To the extent a further response is required, the remaining averments are denied.

68.     Denied.  These averments are conclusions of law to which no response is required.  To the extent a further response is required, the remaining averments are denied.

WHEREFORE, Nelnet respectfully requests that this Court enter judgment in its favor and against Plaintiff, and for such other and further relief as may be appropriate under the circumstances.

## JURY DEMAND

This averment is denied as a conclusion of law, to which no response is required.  To the extent that a response is required, the averment is denied.

## **NELNET'S DEFENSES AND AFFIRMATIVE DEFENSES**[1]

In further response to the Complaint, Firstmark hereby asserts the following affirmative and other defenses, without conceding that it bears the burden of persuasion as to any of them.

### **FIRST DEFENSE**

69.    Plaintiff has failed to state a claim upon which relief can be granted against Nelnet.  The data furnished by Nelnet regarding Plaintiff's account was not patently incorrect or misleading in such a way and to such an extent it could be expected to have an adverse effect, and therefore no violation of the FCRA has occurred.  In the alternative, or in addition, Nelnet's investigation of Plaintiff's dispute was reasonable.  In the alternative, or in addition, Nelnet's data furnishing regarding Plaintiff's account was not the cause of Plaintiff's claimed harm, and therefore no violation of the FCRA has occurred.  In the alternative, or in addition, the specific tradelines Plaintiff disputed were updated prior to the filing of the original Complaint, making Plaintiff's causes of action as pled therein moot.  In the alternative, or in addition, Plaintiff is not entitled to recover punitive damages because Nelnet's actions were not malicious, egregious, in bad faith, or in willful or

---

[1] By filing this First Amended Answer and Affirmative and Other Defenses to Plaintiff's First Amended Complaint, Firstmark withdraws, without prejudice, certain of its affirmative and other defenses as pled in its original Answer and Affirmative and Other Defenses to Plaintiff's First Amended Complaint.

reckless indifference or disregard of Plaintiff's legal rights and Plaintiff's damages, if any, are limited by federal statute.

## SECOND DEFENSE

70.    This Court lacks subject matter jurisdiction over this proceeding because Plaintiff has not suffered a concrete injury in fact and lacks standing to bring this suit.  These contentions are likely to have evidentiary support after a reasonable opportunity for investigation and discovery.

## THIRD DEFENSE

71.    Any and all damages allegedly sustained by Plaintiff are the direct and proximate cause of Plaintiff's own conduct.  These contentions are likely to have evidentiary support after a reasonable opportunity for investigation and discovery.

## FOURTH DEFENSE

72.    Plaintiff's claims for relief are barred because Plaintiff has failed to mitigate her damages.  These contentions are likely to have evidentiary support after a reasonable opportunity for investigation and discovery.

## FIFTH DEFENSE

73.    Plaintiff's claims for relief are barred by the doctrine of equitable estoppel.  These contentions are likely to have evidentiary support after a reasonable opportunity for investigation and discovery.

## SIXTH DEFENSE

74.    Plaintiff's claims for relief are barred by the doctrines of superseding and/or intervening causes as Plaintiff's losses, if any, were caused by another party. These contentions are likely to have evidentiary support after a reasonable opportunity for investigation and discovery.

## SEVENTH DEFENSE

75.    Firstmark reserves the right to file a motion for an award of attorneys' fees in the event it determines that Plaintiff's pleadings, motions, or other papers in this action were filed in bad faith or for the purposes of harassment under 15 U.S.C. § 1681o(b).

PHIL1\11856211.v1

WHEREFORE, Firstmark respectfully requests that this Court enter judgment in its favor and against Plaintiff, and for such other and further relief as may be appropriate under the circumstances.

Respectfully submitted:

**KLEHR HARRISON HARVEY BRANZBURG LLP**

By:    */s/Corinne Samler Brennan*
Corinne Samler Brennan, Esquire
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-3393
Email: cbrennan@klehr.com

*Attorney for Defendant*
*Nelnet Servicing, LLC*

Dated: December 23, 2025

17

## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| GINA BISIGNANI, | Civil No. 3:25-cv-01099 |
| Plaintiff | (Karoline Mehalchick) |
| v. |  |
| EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, BARCLAYS BANK DELAWARE, NELNET SERVICING, LLC, and CITIZENS BANK, N.A., |  |
| Defendants |  |

## <u>CERTIFICATE OF SERVICE</u>

I, Corinne Samler Brennan, Esquire, certify that on this date I served Defendant Nelnet Servicing, LLC's First Amended Answer and Affirmative and Other Defenses to the First Amended Complaint upon the following via CM/ECF:

Carlo Sabatini, Esquire
carlo@bankruptcypa.com
*Counsel for Plaintiff*

Respectfully submitted:

**KLEHR HARRISON HARVEY BRANZBURG LLP**

By:    */s/Corinne Samler Brennan*
Corinne Samler Brennan, Esquire
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-3393
Email: cbrennan@klehr.com

*Attorney for Defendant*
*Nelnet Servicing, LLC*

Dated: December 23, 2025