Attorneys for Plaintiff:

    Carlo Sabatini: 83831
    Sabatini Freeman, LLC
    216 N. Blakely St.
    Dunmore, PA  18512
    (570) 341-9000
    carlo@sabatinilawfirm.com

Attorneys for Defendant:

    Corinne Samler Brennan
    Klehr Harrison Harvey
    Branzburg LLP
    1835 Market Street, Suite 1400
    Philadelphia, PA 19103
    (215) 569-3393
    cbrennan@klehr.com

    Counsel for Nelnet Servicing, LLC

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Gina Bisignani, | Docket  3:25-cv-01099-KM |
| Plaintiff, | (JUDGE HONORABLE KAROLINE MEHALCHICK) |
| v. | |
| Experian Information Solutions, Inc, *et al.,* | FILED ELECTRONICALLY |
| Defendants. | |

### PROPOSED JOINT CASE MANAGEMENT PLAN

Instructions:  In many cases there will be more parties in the action than there are spaces provided in this form. Each party shall provide all requested

11796143.v4

information. If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan.  Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

## 1.    Principal Issues

1.1    Separately for each party, please give a statement summarizing this case:

> By Plaintiff:  This Fair Credit Reporting Act case involves a failure to properly report as "discharged in bankruptcy" two accounts on Plaintiff's credit report. The complaint was filed against two credit reporting agencies and against the furnishers of information to those credit reporting agencies. The credit reporting agencies and Defendant Citizen's have settled.  The claim against Defendant Barclay's is proceeding in arbitration.  Against Nelnet, the sole remaining Defendant, Plaintiff claims that the misconduct allows her to recover actual, statutory, and punitive damages, plus costs and attorney's fees.

> By Defendants: Defendant Nelnet Servicing, LLC ("Nelnet") disputes that it furnished any inaccurate information relating to Plaintiff's accounts to the consumer reporting agencies, or that its investigation of Plaintiff's dispute was unreasonable in any respect.  Nelnet furthermore disputes Plaintiff's allegation that Nelnet acted unlawfully or otherwise engaged in any activity violative of the Fair Credit Reporting Act in any way whatsoever, whether negligent or willful.  Nelnet expressly reserves the right to (a) raise such other and further defenses as may be appropriate following the completion of the discovery process, and (b) file a motion for an award of attorney's fees in the event it determines

that Plaintiff's pleadings, motions, or other papers in this action were filed in bad faith or for the purposes of harassment under 15 U.S.C. § 1681o(b).

1.2     The facts the parties <u>dispute</u> are as follows:

Nelnet disputes that (a) it furnished inaccurate data to the consumer reporting agencies related to Plaintiff's account(s); (b) its investigation of Plaintiff's dispute was not reasonable; and (c) any violation of the Fair Credit Reporting Act has occurred, whether negligent or willful.  Nelnet expressly reserves the right to supplement the facts in dispute following the completion of the discovery process.

1.3     The legal issues the parties <u>dispute</u> are as follows:

Nelnet disputes all the legal issues raised by Plaintiff in the Amended Complaint, other than its characterization as a "data furnisher" as that term is defined in the Fair Credit Reporting Act.

1.4     Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

None.

1.5     Identify any named parties that have not yet been served:

None.

1.6     Identify any additional parties that:

plaintiff(s) intends to join:  None.

defendant(s) intends to join: None.  Nelnet expressly reserves the right to supplement its response following its continued review of Plaintiff's file and the completion of the discovery process.

1.7     Identify any additional claims that:

11796143.v4

plaintiff(s) intends to add:  None.

defendant(s) intends to add: None.   Nelnet expressly reserves the right to (a) supplement this response, and (b) file a motion for an award of attorney's fees in the event it determines that Plaintiff's pleadings, motions, or other papers in this action were filed in bad faith or for the purposes of harassment under 15 U.S.C. § 1681o(b).

## 2.0   Disclosures

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1    Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by <u>Plaintiff</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Gina Bisignani | Plaintiff |

Disclosed by <u>Defendant Nelnet Servicing, LLC</u>**:**

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Gina Bisignani | Plaintiff |
| Nelnet Servicing, LLC | Custodian of Records |
| TransUnion, LLC | Custodian of Records |
| Experian Information Solutions, Inc. | Custodian of Records |

**3.0    Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

<u>Nature of Motion</u>          <u>Moving Party</u>          <u>Anticipated Filing Date</u>

**4.0    Discovery**

4.1    Briefly describe any discovery that has been completed or is in progress:

By Plaintiff(s):  Plaintiff has served disclosures under Rule 26(a)(1) and written discovery requests.

By Defendant(s):  Nelnet has served disclosures under Rule 26(a)(1) and written discovery requests.

4.2    Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

Depositions of the Plaintiff and of the authorized representative of Defendant to lock in their respective testimony as to the claims and defenses asserted.

4.3    Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

Position of Defendant: Depositions of and/or subpoenas directed to the Plaintiff's medical professionals and/or friends and family who may have knowledge of the factual

> basis for the claims and/or damages alleged to have been incurred by the Plaintiff in this matter.
> Position of Plaintiff: Plaintiff alleges only garden-variety emotional distress. She contends that there is no medical professional, friend or family member, with any information that bears on that damage.

4.4 Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

  None.

4.5 For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

  4.5.1 total depositions (excluding experts) to be taken by:

    Plaintiff(s): **10**   Defendant(s): 5 (Plaintiff)
    Plaintiff(s): **5**    Defendant(s): **5** (Nelnet)

  4.5.2 interrogatories to be served to each party by:

    Plaintiff(s): **40**   Defendant(s): 25 (Plaintiff)
    Plaintiff(s): **25**   Defendant(s): **25** (Nelnet)

  4.5.3 document requests to be served to each party by:

    Plaintiff(s): **50**   Defendant(s): 25 (Plaintiff)
    Plaintiff(s): **25**   Defendant(s): **25** (Nelnet)

  4.5.4 requests for admission to be served to each party by:

    Plaintiff(s): **75**   Defendant(s): 25 (Plaintiff)
    Plaintiff(s): **25**   Defendant(s): **25** (Nelnet)

4.6    Discovery of Electronically Stored Information

☒ Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

☐ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

## 5.0    Protective Order

5.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

> Nelnet believes that a protective order is necessary to protect documents and information that may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to Defendants and/or credit, personal identifying information, account information, or other confidential information of Plaintiff.  The parties are conferring regarding the content of a proposed protective order and will submit the same to the Court as soon as possible.
>
> Plaintiff disagrees that any protective order is necessary. However, to avoid motion practice over the issue, the parties are conferring regarding the content of a proposed protective order.

5.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

11796143.v4

## 6.0    Scheduling

6.1    Final date for joining additional parties:

December 16, 2025  Plaintiff(s)

December 16, 2025  Defendant(s)

6.2    Final date for amending pleadings:

December 29, 2025  Plaintiff(s)

December 29, 2025  Defendant(s)

6.3    All fact discovery commenced in time to be completed by:

September 1, 2026

6.4    All potentially dispositive motions should be filed by:

February 1, 2027

6.5    Reports from retained experts due:

from plaintiff(s) by October 1, 2026.

from defendant(s) by November 1, 2026.

6.6    Supplementations due December 1, 2026.

6.7    All expert discovery commenced in time to be completed January 4, 2027.

6.8    This case may be appropriate for trial in approximately:

_____    240 Days from the filing of the action in this court
_____    365 Days from the filing of the action in this court
650    Days from the removal of this action to this court

11796143.v4

6.9    Suggested date for the final Pretrial Conference: <u>March 1, 2027</u>.

6.10   Trial

    6.10.1    Suggested Date for the Trial:

        <u>April 1. 2027</u>.

## 7.0    Certification of Settlement Authority (All Parties Shall Complete the Certification)

I hereby certify that the following individual(s) have settlement authority.

For Plaintiff, <u>Gina Bisignani</u>:

    <u>Gina Bisignani</u>
    Name

    <u>Plaintiff</u>
    Title

    <u>136 Gordon Avenue</u>
    <u>Carbondale, PA 18407</u>
    Address

    <u>(570) 766-5517</u>  Daytime Telephone

For Defendant <u>Nelnet Servicing, LLC</u>:

    <u>Tricia Wheeler</u>
    Name

    <u>Associate General Counsel</u>
    Title

    <u>c/o Corinne Samler Brennan, Esquire</u>
    <u>Klehr Harrison Harvey Branzburg LLP</u>
    <u>1835 Market Street, Suite 1400</u>

Philadelphia, PA 19103
Address

(215) 569-3393  Daytime Telephone

## 8.0    Alternative Dispute Resolution ("ADR")

8.1    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

The parties request that the Court appoint a mediator from the court-annexed mediation program.

8.2    If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

8.3    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

## 9.0    Consent to Jurisdiction by a Magistrate Judge

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c), to have a magistrate judge handle all the remaining pretrial aspects of this case and preside over a jury or court trial, with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:
_____Y   _X_ N

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

___    Scranton/Wilkes-Barre

___    Harrisburg

11796143.v4

## 10.0  Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

10.1 Modifications from Discovery Rules:

10.1.1   Before noticing any deposition, counsel shall contact all counsel of record to determine mutually convenient times, dates and locations. If opposing counsel has not provided this information within 72 hours of request, the deposition may be noticed unilaterally.

10.1.2   The parties consent to electronic service of discovery by email to counsel's address in the signature block at the end of this document. Any discovery so served must be electronically signed, and only one copy of the discovery need be sent.

10.2 The proposed dates in this Joint Case Management Plan are merely suggestions for the Court and will have no effect unless adopted by the Court.

## 11.0  Identification of Lead Counsel

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

11796143.v4

For Plaintiff:

    Carlo Sabatini: 83831
    Sabatini Freeman, LLC
    216 N. Blakely St.
    Dunmore, PA  18512
    (570) 341-9000
    carlo@sabatinilawfirm.com

For Defendant:

    Corinne Samler Brennan
    Klehr Harrison Harvey Branzburg LLP
    1835 Market Street, Suite 1400
    Philadelphia, PA 19103
    (215) 569-3393
    cbrennan@klehr.com

    Counsel for Nelnet Servicing, LLC

DATED: April 10, 2026    */s/Carlo Sabatini*
    Attorney(s) for Plaintiff(s)
    ☒ ECF User(s)
    ☐ Waiver requested (as separate document)
    ☐ Fed.R.Civ.P.7.1 (statement filed if necessary)*
    Carlo Sabatini
    Bar Number 83831
    Sabatini Law Firm, LLC
    216 N. Blakely St.
    Dunmore, PA 18512
    Phone (570) 341-9000
    Facsimile (570) 504-2769
    Email carlo@sabatinilawfirm.com

DATED: April 10, 2026    */s/Corinne Samler Brennan*
    Attorney(s) for Defendant(s)
    ☒ ECF User(s)
    ☐ Waiver requested (as separate document)
    ☒ Fed.R.Civ.P.7.1 (statement filed if necessary)*

11796143.v4

\* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.

11796143.v4