# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Gina Bisignani, | Docket  3:25-cv-01099-KM |
| Plaintiff, | (JUDGE KAROLINE MEHALCHICK) |
| v. | |
| Nelnet Servicing, LLC | FILED ELECTRONICALLY |
| Defendant | |

## Discovery Confidentiality Order

It appearing that discovery in the above-captioned case is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1. Parties and Materials Covered by Order.

Any party to this litigation and any non-party providing information in this action (each of whom will be referred to throughout the remainder of this order as "party" or "parties" unless specifically stated otherwise) shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or any portion of any document or thing because it is, or contains:

    a)    personally identifiable information including, but not limited to, social security numbers, dates of birth, account numbers, and private financial information;

    b)    trade secrets, competitively sensitive technical or financial information, or other confidential business information

20051188.v1

including, but not limited to, research and development;

c)    information subject to the Gramm Leach Bliley Act, 15 U.S.C. § 6901;

d)    medical or psychological records;

e)    information received in confidence from third parties; and/or

f)    information the producing party otherwise believes in good faith to be entitled to protection under Fed. R. Civ. P. 26(c)(1)(G).

2.  Designation of Confidentiality.

a. *Production*.

Any party to this litigation or covered by this Order may designate and/or mark any information, document, thing, interrogatory answer, admission, or pleading containing the Confidential information identified in Paragraph 1 of this Order as "**CONFIDENTIAL**" (hereafter referred to as "*information designated as confidential*").  To the greatest extent practicable, a "**CONFIDENTIAL**" stamp, when used, must be text-searchable and placed in the header or footer of every designated page that contains any confidential information. The materials identified in this Paragraph 2(a) must be produced electronically.  Any *information designated as confidential* must be segregated from materials not subject to this Order.

Contemporaneously with the production of the *information designated as confidential*, the party making the designation must also serve a log of all

information indexing those materials and the basis upon which the designation is made pursuant to as provided in Paragraph 1 of this Order. The log must identify each document produced using a Bates number for reference. *Information designated as confidential* which has been identified on the log as required by this Order shall be entitled to the protections described in this Order.

b. *Depositions.*

A party shall not be required to tender any designations during the course of a deposition taken in connection with this action to preserve the right to designate testimony as confidential as set forth below. A party who intends to designate testimony as "**CONFIDENTIAL**" shall designate the transcript as containing *information designated as confidential* within 14 days after the conclusion of the deposition and may have until 14 days after receipt of the deposition transcript within which to specifically inform all other parties of which portions of the transcript are to be designated "**CONFIDENTIAL**", which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any other individual other than the individuals described in Paragraphs 4(a), (b), (f), and (g) herein and the deponent during these 14 days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraphs 4(a), (b), (f), and (g) herein, during said 14 days. Upon being informed that certain portions of a deposition are to be treated as Confidential,

20051188.v1

all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with the requirements set forth herein.

 3. <u>Protection of Information Designated as Confidential</u>.

 Any *information designated as confidential* shall be protected under the terms of this Order until such time as 1) the Court rules that the *information designated as confidential* is not entitled to such designation, 2) the designating party waives its assertion of confidentiality expressly in writing, or 3) the designating party fails to timely move for a protective order after receipt of an objection to the designation of confidentiality pursuant to paragraph 5 below.  At that time, the *information designated as confidential* previously shall cease to be subject to the protections of this order and the information may be used in any fashion consistent with other materials obtained through discovery.  No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a nonconfidential basis, shall be deemed or considered to be Confidential material under this Order.

 4. <u>Use of Protected Information</u>.

 Any *information designated as confidential* subject to this Order shall solely be used by the receiving party for purposes of the prosecution or defense of this

20051188.v1

litigation action and shall not be used by the receiving party or disclosed by the receiving party to anyone other than those specifically set forth herein, unless and until the restrictions herein are removed either by written agreement of counsel for the parties or by Order of the Court. *Information designated as confidential* may only be disclosed to:

    a. Outside counsel appearing in this case and attorneys, staff, and office personnel within such outside counsel's firm as well as relevant in-house counsel for the parties, excluding non-parties.

    b. The parties, excluding non-parties. In the case of parties that are corporations or other entities, "party" shall mean executives who are required to participate in decision with reference to this lawsuit or are persons reasonably necessary for the prosecution or defense of this lawsuit.

    c. The Court, witnesses testifying in Court, the Court's personnel, and the jury, all in connection with this matter.

    d. Court reporters engaged to transcribe the proceedings or discovery in this matter.

    e. Any deponent may be shown or examined on any *information designated as confidential* if it appears that the witness authored or received a copy of it, was involved in the subject matter described

20051188.v1

therein, or is employed by the party who produced the *information designated as confidential*.

    f.  Outside attorneys, experts, and consultants retained by the parties (excluding non-parties) for purposes of this action.

    g.  Vendors retained by or for the parties (excluding non-parties) for purposes of this action.

Each person in subparagraphs (f) and (g) above who receives material subject to the protections of this Order, shall be given a copy of this Order prior to receiving the materials and shall be asked to execute a copy of the acknowledgment attached as Exhibit A to this order (the "Acknowledgment"). If a fully executed Acknowledgment has not been returned by such party at least 7 days before the commencement of a duly scheduled deposition, the party intending to use the material subject to the protections of this Order may not provide said *information designated a confidential* to such third-party, but may reschedule the deposition and move for a court order otherwise permitting the disclosure, to which the non-moving party reserves all rights.

    5.  <u>Objections to the Designation of Confidentiality</u>.

After receiving *information designated as confidential*, counsel for the receiving party (excluding non-parties) may object to the designation of any or all items by providing written objections to the designation, which written objections

shall identify the documents or information in question by corresponding log number and state the grounds for the objection.  Counsel shall thereafter confer in good faith in an effort to resolve the dispute.  If the parties cannot resolve the objections to the designation, the party asserting the designation of confidentiality shall move for a protective order under Fed.R.Civ.P. 26(c) within 7 days of the parties' meet and confer required by this Paragraph. The failure to move for a protective order within that 7-day period waives the designation. For purposes of this paragraph and the avoidance of doubt, if the Court requires that the parties engage in any kind of condition precedent to the filing of a discovery motion, fulfilling such condition precedent on the timeline set by the Court shall constitute a timely filing of a motion for a protective order hereunder. The parties shall treat as Confidential all *information designated as confidential* until such time as: (a) the Court rules that such materials should not be treated as Confidential, (b)the designating party waives the protection in writing, or (c) the designating party fails to timely move for a protective order after receipt of an objection to the designation of confidentiality

6.  <u>Use of Confidential Materials in Filings</u>.

a.      A party may file under seal any *information designated as confidential* as described in LCrR 49(b)(1). This Order constitutes the authorization for such a filing as described in L.R. 5.8, LCrR 49(a) and LCrR 49(c)(3). The party

20051188.v1

filing the document need not satisfy LCrR 49(c)(1) or LCrR 49(c)(2).

b.    A party seeking to maintain the status of the documents as "filed under seal" must file a motion within 14 days.  The motion shall be filed on paper and shall identify the document that has been "filed under seal" by title and date of filing.  The motion shall contain no other description or identification of the document that has been "filed under seal" nor shall it contain a statement of reasons as to why the status of the documents as "filed under seal" shall be maintained. When the motion is filed, the party filing the motion shall also present to the Clerk's Office, on paper, a statement of the legal and factual justification for maintaining the status of the document as "filed under seal."

c.    If no motion to maintain the status of the documents as "filed under seal" is timely filed, any party may file a motion to release the documents from their hold, which motion shall be deemed unopposed.

7.  Retention of Jurisdiction.

The Court shall retain jurisdiction over the parties for purposes of enforcement or modification of this order.

8.  Effectiveness of Order.

This Order shall take effect only once it has been entered as an Order of the Court, and will be void and of no effect with respect to any information produced before that time.  This Order shall survive the termination of this action and shall

20051188.v1

remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with this Court.

9.  Conclusion of Litigation

Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and return to the originating source all originals and unmarked copies of documents designated as confidential or to destroy all copies of such material; provided, however, that counsel may retain complete copies of all transcripts and court filings, including any exhibits attached thereto, for archival purposes, subject to the provisions of this Order.

10. Other Discovery.

This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground.  This Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms, apply to the Court for any further protective order or oppose such application, apply to the Court for an order compelling production of material subject to a claim of protection or oppose such application, or seek any other relief from the Court.

11. Privilege.

The production of any information, document, or thing in this litigation shall not constitute a waiver of any attorney-client privilege or work-product protection

20051188.v1

that may be asserted by the producing party either in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  When the production or disclosure of any information, document, or thing protected by attorney-client privilege or work-product protection is discovered by or brought to the attention of the producing party, the treatment of such material shall be in accordance with the Federal Rules of Civil Procedure.  That treatment shall be deemed to comply with any obligations the producing party would otherwise have had pursuant to Federal Rule of Evidence 502(d) or under the common law.  Nothing herein restricts the right of the receiving party to challenge the producing party's claim of attorney-client privilege or work-product protection after receiving notice of the production or disclosure of any information, document, or thing that is subject to a claim of attorney-client privilege or work-production protection.

**SO ORDERED.**

Entered on _____          _____
                                                    United States District Judge

20051188.v1

Stipulated To By:

_____

Carlo Sabatini, PA 83831
Sabatini Freeman, LLC
216 N. Blakely St.
Dunmore, PA  18512
Phone (570) 341-9000
carlo@sabatinilawfirm.com

_____

Corinne Samler Brennan,
Klehr Harrison Harvey Branzburg LLP
1835 Market Street, Suite 1400
Philadelphia, PA 19103
(215) 569-3393
cbrennan@klehr.com

20051188.v1

Exhibit A

20051188.v1

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Gina Bisignani, | Docket  3:25-cv-01099-KM |
| Plaintiff, | (JUDGE KAROLINE MEHALCHICK) |
| v. | |
| Nelnet Service, LLC | FILED ELECTRONICALLY |
| Defendant | |

**Acknowledgment of Receipt of Discovery Confidentiality Order**

I, _____(print name), acknowledge that I have read and that I understand the **Discovery Confidentiality Order ("Order")** entered in this action and agree to abide by its terms and conditions.  I will hold in confidence and not disclose to anyone not qualified under the Order any Confidential material or any words, summaries, abstracts, or indices of Confidential material disclosed to me.  I will limit use of Confidential material disclosed to me solely for the purpose of this action.  No later than the final conclusion of this case, I will return all Confidential material and summaries, abstracts, and indices thereof which come into my possession, and such documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.  As a condition to access by me to documents designated by the parties to this action as "CONFIDENTIAL," I agree to submit to the

20051188.v1

jurisdiction of the United States District Court for the Middle District of Pennsylvania in connection with any alleged breach by me of the **Order**.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Signature

Dated: _____

20051188.v1