

Corinne S. Brennan
Direct Dial: (215) 569-3393
Email: cbrennan@klehr.com

July 14, 2026

**VIA CM/ECF**

Judge Karoline Mehalchick
William J. Nealon Federal Building
235 N. Washington Avenue
Scranton, PA 18503

      **Re:**    **Bisignani v. Nelnet Servicing, LLC, et al.**
             **U.S.D.C. (M.D. Pa.), Case No. 3:25-cv-01099-KM**

Dear Judge Mehalchick:

This firm represents defendant Nelnet Servicing, LLC d/b/a Firstmark Services ("Firstmark") in the above-captioned matter. A Discovery Confidentiality Order (the "Order") was submitted for the consideration of this Court upon the consent of plaintiff Gina Bisignani ("Bisignani" and, together with Firstmark, the "Parties") and Firstmark on June 2, 2026 and subsequently entered by this Court on June 3, 2026. See ECF No. 29. Pursuant to the Order, the Parties agreed that "[a]ny party to this litigation…shall have the right to designate as 'Confidential' and subject to this Order any information, document, or thing, or any portion of any document or thing because it is, or contains…personally identifiable information including, but not limited to, social security numbers, dates of birth, account numbers, and private financial information." See id. at ¶ 1(a). After receiving *information designated as confidential* (as that term is defined in the Order), counsel for the receiving party retained the right under the Order to object to the designation, after which time a good faith meet and confer was required to be conducted between counsel for the Parties in an effort to resolve the dispute. See id. at ¶ 5. Should the Parties find themselves unable to resolve the objections, the party asserting the designation of confidentiality was then required to move for a protective order within seven (7) days of the meet and confer. See id. The Order further provided that "[f]or purposes of this paragraph and the avoidance of doubt, if the Court requires that the parties engage in any kind of condition precedent to the filing of a discovery motion, fulfilling such condition precedent on the timeline set by the Court shall constitute a timely filing of a motion for a protective order hereunder." Id.

On June 17, 2026, Firstmark served a total of nine (9) documents responsive to Plaintiff's written discovery requests that were specifically identified as *information designated as confidential*.[1] Eight of the documents were designated as confidential pursuant to Paragraph 1(a) of the Order (collectively, the "PII Materials"), as they contained personally identifiable information including, but not limited to, social security numbers, dates of birth, account numbers,

---

[1] On December 18, 2025, Firstmark served a total of forty-seven (47) documents that were responsive to Plaintiff's written discovery requests but that were not identified as *information designated as confidential*. One additional document identified as *information designated as confidential* was served by Firstmark upon Plaintiff on July 7, 2026.

1835 MARKET STREET   |   SUITE 1400   |   PHILADELPHIA, PA 19103   |   t 215.569.2700   |   f 215.568.6603   |   www.klehr.com

PENNSYLVANIA   |   NEW JERSEY   |   DELAWARE   |   NEW YORK

20214261.v1

July 14, 2026
Page 2

and/or private financial information.[2]  The remaining document, a servicing history for Plaintiff's loans (the "Servicing History"), was designated as confidential by Firstmark not just under Paragraph 1(a) of the Order, but also pursuant to Paragraphs 1(b) and 1(f) of the Order, which permitted the Parties to designate as confidential "trade secrets, competitively sensitive technical or financial information, or other confidential business information including, but not limited to, research and development" and "information the producing party otherwise believes in good faith to be entitled to protection under Fed. R. Civ. P. 26(c)(1)(G)," respectively.  The Servicing History alone contains no less than nine (9) social security numbers and seven hundred eighty-three (783) account numbers, not to mention nearly ten (10) years of account history.

On June 23, 2026, Plaintiff served Firstmark with a letter pursuant to which Plaintiff, *inter alia*, objected to each and every one of Firstmark's confidentiality designations.  Plaintiff objected to the designation of the PII materials as confidential on the basis that they contained "Plaintiff's own information," despite there being no exception for Plaintiff's own personal identifying information under the Order.[3]  Plaintiff also objected to the designation of the Servicing History as confidential, again, because it contained "Plaintiff's own information," but also because Plaintiff simply otherwise disagreed with Firstmark's designations.  The Parties held a meet and confer on July 7, 2026 in an effort to resolve Plaintiff's objections to the *information designated as confidential* but were unable to resolve their issues.

Pursuant to Your Honor's published policies and procedures, the Parties are "to raise any discovery dispute with the court through the filing of a letter on the docket describing the nature of the dispute and requesting a conference with the court."  Accordingly, Firstmark respectfully submits this discovery dispute to Your Honor pursuant to both these policies and procedures and the Order and requests that the Court schedule a conference at its earliest convenience.

Thank you for your consideration.

Respectfully submitted,

Corinne S. Brennan

Enclosures

---

[2] The *information designated as confidential* specifically consisted of, *inter alia*, tax returns, pay stubs, bank statements, driver's licenses, and other materials plainly categorized as CONFIDENTIAL under the Order.

[3] Notably, Plaintiff herself designated every document—except one—of her own four hundred thirty (430) page production as CONFIDENTIAL, all on the basis that they contained her own "personally identifiable information or private financial information."

20214261.v1